COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                       NOS.
2-08-068-CR 

      
2-08-069-CR

 

 

NATHAN K. MYERS                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Nathan K. Myers entered two open pleas of guilty
to possession of four grams or more but less than 200 grams of a controlled
substance (methamphetamine),[2]
and he pleaded true to the habitual offender notice contained in each charge.  The trial court found him guilty and assessed
punishment at twenty-five years=
confinement in each case, to be served concurrently. 

Myers=s court-appointed appellate counsel has
filed a motion to withdraw as counsel and a brief in support of that
motion.  Counsel=s brief and motion
meet the requirements of Anders v. California[3]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief. 
Myers was given the opportunity to file a pro se brief, but he did not
do so.








As the reviewing court, we must conduct an independent
evaluation of the record to determine whether counsel is correct in determining
that the appeals are frivolous.  See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v.
State, 904 S.W.2d 920, 923 (Tex. App.CFort Worth 1995,
no pet.).  Only then may we grant counsel=s motion to
withdraw.  See Penson v. Ohio, 488
U.S. 75, 82B83, 109 S. Ct. 346, 351 (1988).  Because Myers entered open pleas of guilty,
our independent review for potential error is limited to potential
jurisdictional defects, the voluntariness of Myers=s pleas, error
that is not independent of and supports the judgment of guilt, and error
occurring after entry of the guilty pleas. 
See Monreal v. State, 99 S.W.3d 615, 620, 622 (Tex. Crim. App.
2003); Young v. State, 8 S.W.3d 656, 666B67 (Tex. Crim.
App. 2000).

We have carefully reviewed the record, including the sealed
presentence investigation report and counsel=s brief.  We agree with counsel that the appeals are
wholly frivolous and without merit.  We
find nothing in the record that might arguably support the appeals.  See Bledsoe v. State, 178 S.W.3d 824,
827B28 (Tex. Crim.
App. 2005); accord Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex. Crim.
App. 2006).  We therefore grant
counsel=s motion to
withdraw and affirm the trial court=s judgment in each
case.

 

PER CURIAM

 

PANEL: MCCOY, J.; CAYCE, C.J.; and
LIVINGSTON, J. 

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
February 19, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Health & Safety
Code Ann. ' 481.115(d) (Vernon
2003).





[3]386 U.S. 738, 87 S. Ct.
1396 (1967).